**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: TRACY LEE DABNEY and PAMELA DIANE DABNEY, | ) ) ) | Case No. 09-62678-LYN |
| Debtors | ) ) | |
| TRACY LEE DABNEY and PAMELA DIANE DABNEY, | ) ) ) | Adv. No. 09-06107 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| VIRGINIA EMPLOYMENT COMMISSION, | ) ) ) | |
| Defendant, | ) ) | |

## **MEMORANDUM**

This matter comes before the court on a motion for default judgment by Tracy Lee Dabney and Pamela Diane Dabney ("the Plaintiffs") in this adversary proceeding in which the Plaintiffs filed a complaint to avoid three liens of the Virginia Employment Commission ("VEC").

*Jurisdiction*

1

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A)&(K). Accordingly, this Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On August 20, 2009, the Plaintiffs filed the above-styled chapter 7 petition. VEC was scheduled as a secured creditor, having recorded, in Louisa County, two tax liens in the amounts of $2,990.37 and $1,934.45, and one writ of fieri facias in the amount of $2,990.37. The liens are based on delinquent employment taxes for the second, third, and fourth quarters of 2002 that are owed by Tracy L. Dabney. The debts are not debts of Pamela Diane Dabney. On the date that they filed their petition, the Plaintiffs held real property in Louisa County as tenants by the entirety.

On September 23, 2009, the Plaintiffs filed the instant complaint seeking to avoid the three liens under 11 U.S.C. § 522(f)(1).

*Discussion*

This matter comes before the court on a motion for default judgment. When an application is made to the court under rule 55(b)(2) for the entry of judgment by default, the trial court is required to exercise sound judicial discretion in determining whether the judgment should be entered. 10A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure Civil 2d § 2685 (1998). Entry of a default judgment is not a matter of right that flow's automatically from a defendant's failure to respond to the complaint, but rather a matter of the court's discretion. D'Onofrio v. II Mattino, 430 F.Supp. 431, 437 (D.C. Pa. 2006) Also

2

see, Lau Ah Yew v. Dulles 236 F.2d 415, 416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court.")

The Court accepts well-pleaded facts as true, but those facts must give rise under the law to the relief requested, even on a motion for default judgment.

> . . . "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. [Footnote omitted] As the Supreme Court stated in the "venerable but still definitive case"[Footnote omitted] of Thomson v. Wooster: a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." 114 U.S. at 113, 5 S.Ct. at 792, 29 L.Ed. at 108. The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, [Footnote omitted] a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. Thomson v. Wooster; Ohio Central Railroad Company v. Central Trust Company of New York;

Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200 (5th Cir 1975).

The complaint is brought under 11 U.S.C. § 522(f)(1)(A) which provides:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

Only a judicial lien may be avoided under Section 522(f)(1). If the liens are statutory liens, they may not be so avoided. The term "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. § 101(36). The term "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute. 11 U.S.C. §

101(53). If a lien arises by force of statute, without any prior consent between the parties or judicial action, it is deemed to be a statutory lien. 1 Collier on Bankruptcy, "Definitions", ¶ 101.53 (15th ed. rev.). Good examples of statutory liens are tax liens of the United States and local governments. Id.

The liens in question do not arise pursuant to judicial process. Rather they arise pursuant to the filing of memoranda as permitted under Va. Code § 58.1-1805, which provides in part:

> If any taxes or fees, including penalties and interest, assessed by the Department of Taxation in pursuance of law against any person, are not paid within thirty days after the same become due, the Tax Commissioner may file a memorandum of lien in the circuit court clerk's office of the county or city in which the taxpayer's place of business is located, or in which the taxpayer resides. If the taxpayer has no place of business or residence within the Commonwealth, such memorandum may be filed in the Circuit Court of the City of Richmond. A copy of such memorandum may also be filed in the clerk's office of all counties and cities in which the taxpayer owns real estate. Such memorandum shall be recorded in the judgment docket book and shall have the effect of a judgment in favor of the Commonwealth, to be enforced as provided in Article 19 (8.01-196 et seq.) of Chapter 3 of Title 8.01, except that a writ of fieri facias may issue at any time after the memorandum is filed.

Liens that arise solely upon the filing of memoranda of lien are statutory liens. As such, they are statutory liens, not judicial liens. Accordingly, they cannot be avoided under 11 U.S.C. § 522(f)(1)(A).

We turn now to the recordation of the writ of fieri facias. Again, the issue is whether the lien so created is a judicial lien. While a writ of fieri facias normally issues after the entry of judgment, Section 58.1-1805 provides that a writ of fieri facias may issue at any time after a tax memorandum is filed. Such a writ of fieri facias does not issue pursuant to the entry of judgment. Rather it issues pursuant to the filing of a tax memorandum. As such, the lien that is so created is also a statutory lien.

*Conclusion*

4

The liens are statutory liens and may not be avoided under Section 522(f)(1). The Plaintiff's motion for default motion will be denied.

An appropriate judgment shall issue.

Upon entry of this memorandum the Clerk shall forward copies of this memorandum to Marshall M. Slayton, Esq., the Virginia Employment Commission, and the chapter 13 trustee.

Entered on this 23rd day of February, 2010.

/s/ William E. Anderson
_____
William E. Anderson
United States Bankruptcy Judge